ZOA FERMOSO TORRES, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1008. Submitted November 1, 1937.—Decided November 30, 1937.

*Luis López de Victoria* for appellant. The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the Court.

The facts of this administrative appeal, as they appear from the statement of the case presented by the petitioner, are as follows:

"Statement of Facts

"By deed number 160 executed in Yauco on the 13th of August, 1937, before Notary Public Luis López de Victoria, Santiago César Torres Fermoso, on his own behalf and Zoa Fermoso Torres, on her own behalf and in representation as legitimate mother with *patria potestas* over the minor children Mariam, eighteen years of age, Monserrate Aurora, sixteen years old, José Onofre, ten, and Rosalilda, known as Rosa Nilda, six years old, all of the surname Torres Fermoso, proceeded to segregate and did segregate from a rural farm of three hundred and seventy-nine *cuerdas* and fifty-five one hundreaths of another, a parcel of twelve *cuerdas* more or less, expressing a desire that said parcel should be recorded as entirely new and distinct from the principal farm (pages 1 to 7 of the simple copy of the deed).

"When a certified copy of the above mentioned deed was presented to the Registry of Property of San Germán for its recording, the registrar recorded it with the curable defect that the plan setting forth the survey of his farm approved by the Commissioner of the Interior in compliance with the requirements of Joint Resolution No. 55 of the Legislature of Puerto Rico of 1937, was not presented."

Appellant assigns the commission of two errors by the Registrar, to wit:

"First Error.—The registrar erred in holding that the effect of Joint Resolution No. 55, approved on May 15, 1937, is in force.

"Second Error.—The registrar erred in holding that the terms of said Joint Resolution are mandatory, when in reality said terms are directory."

As the registrar has filed no brief we shall more or less assume that the facts alleged in the petition are true.

■■ An examination of the joint resolution in question has left us with the impression that the Legislature intended to create a special division within the Department of the Interior for the approval and certification of plans of real estate prior to their admission in the courts or registries of property. Section 7 of the resolution requires that all segregations or consolidations of property must be presented (presumably in the registry of property) with a plan duly approved and certified as above mentioned.

Section 4 of the Joint Resolution under consideration reads (Laws of 1937, pages 629, 630) :

"The Commissioner of the Interior of Puerto Rico is hereby authorized to prepare and draft regulations stipulating in a uniform and general manner the procedure to be followed in filled operations, calculations, and preparation of plans, as well as to fix the fees to be levied for the final approval of said plans, in accordance with section 10 hereof. Said regulations, upon approval by the Executive Council, shall have the force of law."

From the uncontroverted averment that the Commissioner of the Interior has not yet obtained the approval by the Executive Council of the above rules and regulations, we have come to the conclusion that it would have been impossible for the petitioner to comply with the requirements of the statute.

The only question that remains is to determine whether she should be obliged to wait until those rules are finally approved and then proceed to cure the alleged defect, or whether, inasmuch as the operation of the legislation is suspended until the machinery for its operation is ready, she is immediately entitled to a record free from defects. The general principles of legislative construction impel us to choose the second alternative.

Until the rules which are necessary for the qualification of deeds pursuant to the joint resolution are prepared and approved, its real or practical effect is suspended, although the legislation itself is in force in every other respect.

Given the above conclusion we deem it unnecessary to consider the second error.

The note of the Registrar of San Germán should be reversed and the title of the petitioner recorded free from the curable defect already mentioned.

Mr. Justice Córdova Dávila took no part in the decision of this case.